FILED
U.S. DISTRICT COURT
2012 JUL 11 PM 1:06
CLERK R.Ock
SO DIST. OF GA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

Rev. JULIUS S. BAKER, SR., )
)
    Plaintiff, ) CIVIL ACTION NO.: CV512-041
)
)
vs. )
)
)
MIKE BOATRIGHT, d/b/a Mike's )
Corner, LLC, and JULIE LORD, )
Employee/Agent, )
)
    Defendants. )

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff Reverend Julius S. Baker, Sr. ("Plaintiff") filed an action against two Defendants seeking monetary damages, an injunction, and a restraining order as a result of alleged violations of Plaintiff's constitutional and civil rights by Defendants. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same

standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

Plaintiff alleges that Defendant Mike Boatright, doing business as Mike's Corner, LLC, and his employee, Defendant Julie Lord, "acted in concert of bad faith together with others and conspired to wrongful harm, damage, injury him and deprive plaintiff of his property rights, including, civil constitutional, human and legal/lawful rights to due process/equal protection of the rules of the law[.]" (Doc. No. 1, pp. 3–4). Plaintiff alleges that on May 12, 2012, Boatright ordered his agent, Lord, to block the driveway of Plaintiff's house in order to prevent Plaintiff from driving his car. Plaintiff states that Lord blocked his car "simply for the reasons he was unable to make the $200.00 payment on the said car on time[.]" (Doc. No. 1, p. 4). Plaintiff alleges that he paid Lord $200.00 in cash but that she demanded a post-dated check for $230.00 before she would unblock his driveway. Plaintiff claims that Lord's conduct constituted "criminal trespass, and racial profile discriminatory, deceptive and fraudulently practices against plaintiff and his wife[.]" (Doc. No. 1, pp. 5–6).

Plaintiff alleges that on May 22, 2012, Boatright sent Lord and a truck driver to Plaintiff's house to repossess his car. Plaintiff alleges that the Defendants acted "absent of due process and equal protection of the law[.]" (Doc. No. 1, p. 6). Plaintiff claims the repossession of his car was illegal. Plaintiff asserts that Lord lied about having the right to repossess his car and presented false paperwork. Plaintiff also alleges that valuable personal property was in the car at the time of repossession and that the truck driver who repossessed the car was reckless, damaging his carport and

driveway. Plaintiff claims that "this illegal acts constitutes civil and criminal conspiracy against citizen rights, including racial/hate crime and discrimination, moreover highly violated plaintiff civil, constitutional substantial huma [sic] rights." (Doc. No. 1, p. 8).

Plaintiff attempts to allege violations of his rights to due process and equal protection under the Fourteenth Amendment. "[T]he Constitution only protects against injuries caused by state actors. . . . [Plaintiffs have not] alleged any form of state action by defendants in this case. Absent such a showing, [plaintiffs'] proposed constitutional claim would be subject to dismissal as a matter of law." Abner v. Mobile Infirmary Hosp., 149 F. App'x 857, 859 (11th Cir. 2005) (citing Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982)). See also Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) ("Our cases try to plot a line between state action subject to Fourteenth Amendment scrutiny and private conduct (however exceptionable) that is not.") (citations omitted); United States v. Morrison, 529 U.S. 598 620–21 (2000) ("[T]he language and purpose of the Fourteenth Amendment place certain limitations on the manner in which Congress may attack discriminatory conduct. . . . Foremost among these limitations is the time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action. '[T]he principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.' Shelley v. Kraemer, [334 U.S. 1, 13, and n.12 (1948)].") (second alteration in original); Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 422 U.S. 366, 384 (1979) ("The rights secured by the Equal Protection and Due

Process Clauses of the Fourteenth Amendment are rights to protection against unequal or unfair treatment by the State, not by private parties."). Plaintiff fails to make any allegations that Defendants were state actors during the blocking of his driveway and repossession of his car. From the face of Plaintiff's Complaint, he alleges harm caused by wholly private actors. As a result, Plaintiff has failed to state a claim for any constitutional violations.

Plaintiff also attempts to allege that Defendants' alleged conduct amounted to civil rights violations. As Plaintiff was not employed by Defendants, his allegations are most analogous to those stated in the case law discussing alleged discrimination by commercial establishments against customers in the context of retail transactions. Even assuming that Defendants' alleged conduct arises out of a contract between Plaintiff and Defendants for payment of the car at issue, Plaintiff's Complaint is insufficient to allege violations of 42 U.S.C. § 1981 because Plaintiff's ability to contract with Defendants for payment of the car was not thwarted by Defendants. See Lopez v. Target Corp., 676 F.3d 1230 (11th Cir. 2012); Kinnon v. Arcoub, Gopman & Associates, Inc., 490 F.3d 886 (11th Cir. 2007); and Arguello v. Conoco, Inc., 330 F.3d 355 (5th Cir. 2003). "Section 1981 does not provide a general cause of action for all racial harassment that occurs during the contracting process." Kinnon, 490 F.3d at 892. Plaintiff does not allege that he was "denied the ability either to make, perform, enforce, modify, or terminate a contract on account of [Defendants'] conduct." Id. (internal quotation marks and citation omitted). Instead, Plaintiff alleges only that Defendants carried out a contract for payment of a car in a discriminatory manner. Plaintiff's allegations are insufficient to state a claim for violations of his civil rights under § 1981.

AO 72A
Rev. 8/82)

When read liberally, Plaintiff's Complaint attempts to allege the state law torts of trespass, conversion, and fraud.[1] Plaintiff's allegations are not cognizable in this Court because the Court does not have subject matter jurisdiction over these claims. See 28 U.S.C. §§ 1331 and 1332.

## CONCLUSION

Plaintiff's Application to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **dismissed** for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court makes no statement as to the efficacy of such allegations if later presented in state court.